IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OSCAR PEREZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | C.A. NO. C-06-388 |
| | § | |
| LANCER INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

**ORDER OF REMAND**

On this day came on to be considered Intervenor-Plaintiff Irma Pena's "Motion to Remand" the above-styled action for, among other things, procedural defects in the removal process. (D.E. 4.) For the reasons discussed below, the Court GRANTS the Intervenor-Plaintiff's motion and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District of Jim Wells County Texas, where it was originally filed and assigned Cause Number 05-03-43200-A.

**I.   BACKGROUND**

On or about March 4, 2005,[1] Plaintiffs Oscar and Nydia Perez ("Plaintiffs") filed suit, individually and on behalf of their son, Oscar Perez II, in the 79th Judicial District of Jim Wells County, Texas, against Defendants Raul Garcia, Garcia Holiday Tours, and Lancer Insurance Company. (Def.'s Ex. ("DEX") 4, 9.)  In their

---

[1] Although the removing party in this case, Defendant Lancer Insurance Company, failed to attach a copy of Plaintiffs' Original Petition to its Notice of Removal, the date of the Plaintiffs' original filing can be ascertained from the state court docket sheet.  (See Def.'s Ex. 9.)

Petition, Plaintiffs alleged that, on April 30, 2004, the Alice Independent School District contracted with Garcia Holiday Tours to transport members of the Alice High School band (including the Plaintiffs' son) on a field trip to Six Flags Fiesta Texas in San Antonio.  (Pls.' Third Am. Pet. ("TAP") at ¶ 5.1.)  Plaintiffs claimed that, unbeknownst to them and the high school, the driver of the tour bus, Raul Garcia, was actively infected with tuberculosis.  (TAP at ¶ 5.1.)  Plaintiffs alleged that, as a proximate result his exposure to Raul Garcia, Oscar Perez also became infected, and subsequently diagnosed, with tuberculosis.  (TAP at ¶ 5.1.)  Plaintiffs asserted claims of negligence against Raul Garcia and Garcia Holiday Tours, seeking compensatory and punitive damages.  (TAP at ¶¶ 6.1-10.1.)  Plaintiffs also brought a declaratory judgment claim against Defendant Lancer Insurance Company ("Lancer"), seeking a declaration that Lancer had a duty under an insurance contract to indemnify Garcia Holiday Tours and Raul Garcia in the event the Plaintiffs obtained a judgment against those Defendants.  (See TAP at p. 6.)  Subsequent to the filing of Plaintiffs' petition, the parents of several other children who were on the bus intervened as Plaintiffs in the lawsuit, asserting essentially identical claims against the same three Defendants.  (See DEX 5, 6, 7.)

On August 7, 2006, after the case had been pending for over a year, the state court judge entered an "Agreed Order of Severance," stating that "[a]ll claims against Lancer Insurance Company are

hereby severed from this cause . . . ."  (DEX 3.)  On September 6, 2006, Lancer removed the severed-portion of the case to this Court, claiming that the state court's severance order created diversity of citizenship for the first time, and that Defendant Lancer was removing the case within 30 days of the date that the case first became removable.  (Notice of Removal ("NOR") at ¶¶ 1-2.)  Thus, Lancer claimed that removal was jurisdictionally and procedurally proper under 28 U.S.C. § 1441.  On September 20, 2006, one of the Intervenor-Plaintiffs, Irma Pena, filed a motion to remand the case arguing, among other things, that Defendant failed to remove the case within one year after the commencement of the suit as required by 28 U.S.C. § 1446(b).  (See D.E. 4.)  The Court held a telephone conference, also on September 20, 2006, to discuss the motion to remand and the propriety of Lancer's removal of this case.

## II. DISCUSSION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed

against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000. See 28 U.S.C. § 1332(a).  28 U.S.C. § 1446, however, imposes certain time limits on the filing of a notice of removal.  Section 1446 provides, in relevant part, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis supplied).  In other words, when the case stated by a plaintiff's original pleading is not removable, but becomes removable at a later date, the defendant may not remove the case based on diversity jurisdiction if more than one year has passed since the "commencement" of the action. See, e.g., Badon v. R J R Nabisco Inc., 224 F.3d 382, 389 (5th Cir. 2000); Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000); see also Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 516 (5th Cir. 1992)

(noting that the one-year time limit is a procedural requirement and subject to waiver if the plaintiff does not timely object within thirty days).

In her motion to remand, Intervenor-Plaintiff argues that the removal of this case was improper because Lancer failed to remove within one year of the commencement of the action.  Indeed, the materials attached to Lancer's Notice of Removal show that this case has been pending in state court since March 4, 2005.  (DEX 9.)  Lancer, however, failed to remove the case until September 6, 2006, more than one year later after the case commenced.  (See D.E. 1).  Nevertheless, Lancer contends that removal is proper, arguing that the action "commenced," not when the suit was filed in March 2005, but rather when the state court severed all claims against Lancer on August 7, 2006.  (See NOR at ¶¶ 1, 3.)  In support its argument, Lancer cites the district court case of Farmer v. St. Paul Fire & Marine Ins. Co., 2006 WL 1134238 at *2 (N.D. Miss. Apr. 24, 2006) (unpublished), which held that a severed case "commences" for the purposes of § 1446(b) on the date of the severance, not on the date the original case was filed.  The Farmer court reasoned:

> First, as to the one-year time limit for removal of actions to federal court based on diversity jurisdiction, the Defendant clearly removed this action within one year of its commencement.  As the Fifth Circuit has held, severance . . . creates two separate actions or suits where previously there was but one.  When a single claim is severed out of a suit, it proceeds as a discrete, independent action . . . .  Thus, the court finds that the state court's severance of the Plaintiff's claims against St. Paul from the original action into a separate and new action restarted Section 1446(b)'s one-year time limit

-5-

>    for removal of diversity actions on July 25, 2005; the
>    action was then removed by the Defendant on August 19,
>    2005, thus easily satisfying the one-year time limit.

Id. (citing Crump v. Wal-Mart Group Health Plan, 925 F.Supp. 1214 (W.D. Ky. 1996); United States v. O'Neil, 709 F.2d 361, 367 (5th Cir. 1983)).[2]

Lancer's argument, that the severance order "commenced" a new action for the purposes of § 1446(b) and restarted the one-year time limit, is unpersuasive. Courts have noted that a key question in applying the one-year time limit is determining "when an action 'commenced' for the purposes of § 1446(b)." Zumas v. Owens-Corning Fiberglas Corp., 907 F.Supp. 131, 132 (D. Md. 1995); see also Barnett v. Sylacauga Autoplex, 973 F.Supp. 1358, 1362 (N.D. Ala. 1997). Courts look "to the law of the state in which the state court action originated to determine when an action 'commences.'" Zumas, 907 F.Supp. at 133 (citing cases); Barnett, 973 F.Supp. at 1363; Sledz v. Flintkote Co., 209 F.Supp.2d 559, 561-62 (D. Md. 2002); Kite v. Richard Wolf Medical Instruments Corp., 761 F.Supp. 597, 599 (S.D. Ind. 1989); Glaze v. Ahmad, 954 F.Supp. 137, 139-40 (W.D. La. 1996). In Texas, like the federal system, a civil action "commences" when a plaintiff files his or her initial petition in

---

[2] Notably, the Fifth Circuit case cited by the Farmer court, does not address the issue of whether a severance order "commences" a new action within the meaning of § 1446. See O'Neil, 709 F.2d at 367. Rather, the O'Neil case dealt with the effect of a severance under Federal Rule Civil Procedure 21 on the right to appeal judgments under Federal Rule of Appellate Procedure 3(a) and 4(a). See Id. at 361-372.

office of the state court clerk.  See, e.g., Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk"); Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) (stating that "under Texas law, an action has commenced when a petition is filed"); Southwestern Life Ins. Co. v. Sanguinet, 231 S.W.2d 727, 730-31 (Tex. Civ. App. 1950) ("It has been repeatedly held by our courts that the filing of a petition in a court of competent jurisdiction with the bona fide intention of the party filing to prosecute same to a conclusion is the commencement of a civil suit"); Texas Alcoholic Beverage Commission v. Wilson, 573 S.W.2d 832, 835 (Tex. Civ. App. 1978) ("In this State, it is well settled that appellee's filing of her petition with the clerk of the proper court commenced this suit"); Lawler v. Neathery, 509 S.W.2d 453, 456 (Tex. Civ. App. 1974) (same) (citing Hughes v. Atlantic Refining Company, 424 S.W.2d 622 (Tex. 1968)); see also Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court").  An order of severance, even if it creates a new caption and cause number, is not a "petition" that "commences" an action within the plain meaning of Texas Rule of Civil Procedure 22.  See Patin v. Allied Signal, Inc., 865 F.Supp. 370, 374 (E.D. Tex. 1994) (under "Texas law . . . an action is commenced when the *petition* is filed in the office of the clerk . . . [and] [a] motion to amend is not a petition").  Therefore, the order of severance does not restart

the one-year removal time limit of § 1446(b).

This interpretation of the word "commenced" is also more consistent with policies behind § 1446(b) than Lancer's interpretation.  As the Fifth Circuit has noted, Congress enacted the one-year time limit to "address[] problems that arise from a change of parties as an action progresses toward trial in state court, such as when the elimination of parties may create for the first time a party alignment that supports diversity jurisdiction." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998) (citing H.R. Rep. No. 100-889 (1988)).  Congress found that "[r]emoval late in the proceedings may result in substantial delay and disruption" of a case, and enacted the one-year limit as "a means of reducing the opportunity for removal after substantial progress has been made in state court."  Id.; see also Tedford v. Warner-Lambert Co., 327 F.3d 423, 427 (5th Cir. 2003).

In this case, the state court's severance order is precisely the kind of "elimination of parties" creating "for the first time a party alignment that supports diversity jurisdiction" that motivated Congress to enact § 1446(b).  Deshotel, 142 F.3d at 886. Furthermore, allowing Lancer to remove this case now, after these same parties have been proceeding in state court for well over a year, will no doubt cause the kind of "substantial delay and disruption" that Congress sought to remedy in enacting the § 1446(b) time limitation.  See Id.  Finally, refusing to treat the severance order as the "commencement" of a new action is supported

by well-settled rule that any ambiguities in the propriety of a removal must be "construed *against* removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723.  Therefore, the Court finds that Lancer is time-barred from removing this case because the case "commenced" when the Plaintiffs filed their initial petition on March 4, 2005, over a year prior to Lancer's removal.  Accordingly, Intervenor-Plaintiff's motion to remand the case is GRANTED.  Because the Court finds that removal was procedurally improper, the Court need not address Plaintiffs' alternative arguments in favor of remand.

## III. CONCLUSION

For the reasons discussed above, the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District of Jim Wells County Texas, where it was originally filed and assigned Cause Number 05-03-43200-A.

SIGNED and ENTERED this 4th day of October, 2006.

_____
Janis Graham Jack
United States District Judge